FILED'09 AUG 14 1050USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CHARLES ELLEDGE | ) | Civil No. 08-776-PA |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| MARION COUNTY SHERIFF RAUL | ) | |
| RAMIREZ and MARION COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

Plaintiff Charles Elledge brings this action against Marion County and its Sheriff, Raul Ramirez, after being detained in Marion County Corrections Facility for twenty-one days past his release date. Elledge claims deprivation of his Eighth and Fourteenth Amendment rights and invokes federal jurisdiction pursuant to 42 U.S.C. § 1983. Elledge also brings a claim for negligence under Oregon common law. Defendants move this court for summary judgment. Because Plaintiff has not met his burden of proof in linking his alleged injury to a municipal policy or custom, Defendants motion for summary judgment is granted.

1 - OPINION AND ORDER

## BACKGROUND

Elledge was detained in Marion County Corrections Facility (MCCF) for twenty-one days past his release date.  This over detention resulted from an apparent miscommunication between the Circuit Court of the State of Oregon for the County of Marion (Circuit Court) and MCCF.  Elledge was convicted and sentenced to six months jail for Unauthorized Use of a Motor Vehicle (UUMV). He was awaiting a later court date on a separate Possession of a Controlled Substance (PCS) charge.  Pursuant to an agreement between Elledge, the Marion County Deputy District Attorney, and the Circuit Court, Elledge was to complete a six month jail sentence for the UUMV conviction on July 11, 2006, before being released upon his own recognizance for the PCS charge.  Neither the Circuit Court nor the parties reduced this stipulated sentence agreement to writing for the inmate's file.

Elledge's file at MCCF did not reflect that he was to be released upon his own recognizance on the PCS charge after completing his UUMV sentence.  Rather, the file mistakenly showed a $10,000 bail as a condition of release.  To clarify this problem, on May 25th, 2006, Elledge informed MCCF in writing that he was to be released on his own recognizance for that charge. He wrote, "I took a plea agreement on May 10th . . . with the agreement I would be [released on my own recognizance] on my PCS2.  It still shows I have a bail of $10,000.00 . . . . Please

2 - OPINION AND ORDER

correct this problem so I can go to the work center. thank you."
In response, the MCCF records clerk wrote, "I have checked w/ the
courts [and] I do not show you are to be recged [sic] on [the PCS
charge]. Contact your attorney if this is incorrect."

After completing his UUMV sentence on July 11, 2006, Elledge
remained incarcerated awaiting trial on the PCS charge. It was
not until August 2, 2006, that Elledge was summarily released
when his attorney saw him in jail.

## LEGAL STANDARDS

"Rule 56(c) mandates the entry of summary judgment . . .
against a party who fails to make a showing sufficient to
establish the existence of an element essential to that party's
case, and upon which that party will bear the burden of proof at
trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
"When a motion for summary judgment is properly made and
supported, an opposing party may not rely merely on allegations
or denials in its own pleading; rather, its response
must . . . set out specific facts showing a genuine issue for
trial." Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

### A. COUNTY POLICY

The "first inquiry in any case alleging municipal liability
under § 1983 is the question whether there is a direct causal
link between a municipal policy or custom and the alleged

3 - OPINION AND ORDER

constitutional deprivation." <u>Canton v. Harris</u>, 489 U.S. 378, 385 (1989).

Defendants admit they have a policy requiring court ordered releases to be in writing to ensure the authenticity and specific terms of the order. Plaintiff accepts this policy and goes one step further to allege MCCF does not adequately investigate the terms of an inmate's release when challenged. Plaintiff, however, does not meet his burden of proof here.

Pointing to the circumstances of his own release, Elledge alleges MCCF's policy does not look beyond a prisoner's file to review the terms of his release. The record indicates, however, that MCCF "checked w/ the courts" upon Elledge's request. Regardless, even if I accept Plaintiff's allegation that the jail did not look beyond his prisoner file, there is no evidence this allegedly deficient review was caused by official County policy rather than the mere conduct of an individual employee. <u>See</u> <u>Harris</u>, 489 U.S. at 391 (holding the mistake of an individual police officer "says little about the training program or the legal basis for holding the city liable"). In opposition to Defendants' motion for summary judgment Plaintiff must present more than bare allegations in support of his characterization of the County's policy. <u>See</u> Fed. R. Civ. P. 56(e)(2).

Because Plaintiff has not met his burden of proof here, this case considers the constitutionality of MCCF's requirement that

4 - OPINION AND ORDER

court ordered releases be in writing.

**B. DELIBERATE INDIFFERENCE**

A § 1983 plaintiff must show the municipality's official policy or custom is deliberately indifferent to his constitutional rights.  E.g., Oviatt v. Pearce, 954 F.2d at 1477. This may be properly inferred where the need for further action on the part of the municipality "is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need."  Harris, 489 U.S. at 390.

Plaintiff does not show the County or Sheriff Ramirez acted with deliberate indifference to his constitutional rights by requiring court ordered releases to be in writing.  A pattern of over detention due to MCCF's release policy is not demonstrated, and Plaintiff provides no specific information known to the county's policymakers.  Cf. Oviatt, 954 F.2d at 1476.  Merely requiring court ordered releases to be in writing does not evidence a deliberate disregard for citizens' Constitutional rights.

**C. MOVING FORCE**

Plaintiff must prove his injury was "closely related" to an "identified deficiency" in the county's policy, Harris, 489 U.S. at 391, and preventable with an appropriate policy.  Gibson v.

5 - OPINION AND ORDER

Washoe, 290 F.3d 1175, 1194 (9th Cir. 2002).  Plaintiff proves neither.

Plaintiff fails to show MCCF's policy caused his over detention.  Nothing suggests the requirement that court ordered releases be in writing constrained MCCF's investigation of Elledge's release.  Further, Plaintiff was advised approximately six weeks before his release date to contact his attorney if the court's records were wrong, yet failed to do so.  Thus, Plaintiff's over detention may be attributed as much to his own inaction as to that of Defendants.

Finally, requiring that court orders releasing inmates be in writing is a sound policy.  This ensures the court has the final word as to an inmate's release, and clarifies the terms and authenticity of an order.  Providing no plausible alternative to this measure, Plaintiff fails to show an appropriate policy that would have prevented his injury.

///

///

///

///

///

///

///

///

6 - OPINION AND ORDER

## CONCLUSION

Plaintiff has not met his burden of proof in 1) detailing an inadequate County policy or custom, 2) showing the County was deliberately indifferent in implementing that policy or custom, or 3) linking the policy or custom to the alleged Constitutional violation.  Defendants' motion for summary judgment is therefore granted.

IT IS SO ORDERED.

DATED this _14_ th day of August, 2009.

OWEN M. PANNER
UNITED STATES DISTRICT JUDGE

7 - OPINION AND ORDER